# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                              Plaintiff,

v.                                          Case No. 01-CR-168-JPS

LEE L. PARRETT,                            **ORDER**

                              Defendant.

Before the Court are several *pro se* motions filed by the defendant, Lee L. Parrett ("Parrett"), seeking a reduction of his sentence. (Docket #38, #39, and #41). All must be denied.

On January 18, 2002, Parrett was sentenced by the now retired Judge Charles N. Clevert, Jr. to 55 months of imprisonment and three years of supervised release following his plea of guilty to being a felon in possession of a firearm. (Docket #21). The Court has learned from the Probation Office that following Parrett's sentencing in federal court, he was sentenced in state court for two separate cases and received a total prison term of 15 years. Parrett's federal sentence was applied consecutively to his state term.

On July 7, 2008, Parrett filed a motion for a sentence adjustment, asking the Court to amend the sentence in this case to make it concurrent to his state sentence. (Docket #29). On July 11, 2018, Judge Clevert denied the motion and indicated that the Court had no authority to adjust the sentence. (Docket #30). Not satisfied, Parrett filed another motion on June 10, 2015, asking the Court to adjust his federal sentence so that he could receive credit toward his federal sentence for the time he spent in state

custody. (Docket #34). On August 13, 2015, the late Judge Rudolph T. Randa, who had been reassigned to the case, denied the motion. (Docket #35). Judge Randa indicated that Parrett's concern about his sentence had already been addressed, and Parrett simply did not like the answer. *Id.* Judge Randa further indicated that "Parrett should no longer write the Court on this issue because there is nothing more for this Court to do. Any further communication will be unanswered." *Id.* at 2.

On October 28, 2016 and February 17, 2017, Parrett again filed motions asking the Court to adjust his sentence in order to credit time spent in state custody toward his federal sentence. (Docket #38 and #39). The case has been reassigned to this branch of the court for disposition of those motions, as well as a third addressed below. For the same reasons already articulated by Judges Clevert and Randa, Parrett's motions asking that his federal sentence be adjusted to run concurrent to his state sentence will be denied. Parrett need not ask again.

Finally, on February 28, 2019, Parrett filed a motion purportedly under the First Step Act asking the Court to adjust his sentence. (Docket #41). He wants seven days of "good time" credit for each year of his sentence. *Id.* at 1. The First Step Act, enacted December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year. *See* Public Law 115-391, 132 Stat. 5194, § 102. However, the Act's good-time provisions have not yet taken effect; before they do, the Attorney General must complete the "risk and needs assessment system," the deadline for which is 210 days after the Act's enactment. *Id.* at §§ 101, 102. Therefore, the change in calculation of good-time credit will not take effect until approximately July 2019. *See id.*

Federal courts are limited under Article III of the United States Constitution to deciding "cases" and "controversies." A claim must be "ripe" before a court can hear it, meaning in this context that an administrative decision must be formalized and its effects must be felt in a concrete way by the challenging party. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 423 U.S. 296, 300 (1998) (internal citations omitted). Because the Bureau of Prisons has no authority to recalculate Parrett's good-time credit under the Act until the relevant provisions take effect in approximately July 2019, the question of whether the bureau erred in administering Parrett's sentence on that basis is unripe.

Further, when the good-time provisions of the Act do go into effect, the proper vehicle for Parrett to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under 21 U.S.C. § 2241. A Section 2241 habeas petition is properly lodged against "the person who has custody" over the petitioner. 28 U.S.C. § 2242; *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In "core" habeas cases—those in which the prisoner challenges his present physical confinement—this will be the warden of the prison where he is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). As a general rule, jurisdiction "lies in only one district: the district of confinement." *Id.* at 443. It appears Parrett is currently incarcerated in Pekin, Illinois. Therefore, this Court does not have jurisdiction to hear Parrett's Section 2241 claim; he must go to the court in

the district where is confined. For all of these reasons, Parrett's motion for a sentence reduction under the First Step Act will be denied.

Accordingly,

**IT IS ORDERED** that Defendant's motions for a sentence reduction (Docket #38, #39, and #41) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge